```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

MYONG TRAN, et al.,           )
                              )
                              )  Civil Action No. 5:10-436-JMH
      Plaintiffs,             )
                              )
v.                            )
                              )
                              )  **MEMORANDUM OPINION AND ORDER**
TRANSAMERICA LIFE INSURANCE   )
      COMPANY,                )
                              )
      Defendant.              )


                    **     **     **     **     **

This matter is before the Court on the Motion for Summary Judgment [Record No. 17] filed by Defendant Transamerica Life Insurance Company ("Transamerica"). Plaintiffs Myong Tran, Ky Tran and Hana Tran have failed to file a timely response to the motion pursuant to LR 7.1(c). This matter is ripe for review.

Plaintiffs filed a complaint against Transamerica seeking a declaration of their rights under a life insurance contract issued by Transamerica to Doan Tran, who passed away on January 19, 2010. The complaint was timely removed to this Court on December 29, 2010. Defendant argues that because Mr. Tran committed suicide the Plaintiffs are limited by the terms of the policy to recover only the amount of the premiums paid to Transamerica. In the alternative, Transamerica argues that it may rescind the policy of insurance because Mr. Tran misrepresented his nicotine use on his application for insurance. Mr. Tran represented that he had not

smoked since 1995, when in fact he was a "casual smoker." For the reasons which follow, Transamerica's motion shall be granted.

The facts in this case are not in dispute. Transamerica issued a "Preferred Non-Smoker" policy to Doan Tran on February 16, 2009. The "General Provisions" of the Policy state, in pertinent part, that:

> **Incontestability of the Policy** -- Except for fraud or nonpayment of premiums, this policy shall be incontestable after it has been in force during the insured's lifetime for two years from the date of issue.

[Record No. 1-5, p. 15]

> **Amount Payable Is Limited in the Event of Suicide** -- If the Insured dies by suicide, while sane or insane, within two years from the date of issue, we will be liable only for the amount of premiums paid.

[Record No. 1-5, p. 15]

During discovery, Plaintiffs failed to respond to Requests for Admission propounded by Defendants and, thus, all of the requests are deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3). Plaintiffs, therefore, have admitted that "Doan Tran committed suicide." [Record No. 13-3, p. 4] However, even without this admission by the plaintiffs, there is no evidence in the record which would suggest that Mr. Tran's death anything other than suicide. The Police Report supports the conclusion that Mr. Tran's death was a suicide caused by carbon monoxide poisoning. [Record No. 17-2] A concerned friend found Mr. Tran, who was already deceased, in Mr. Tran's car located in his enclosed garage with the

2

car still running. [Record No. 17-2] Mr. Tran had also taken a number of pills prior to his death. [Record No. 17-2] Additionally, on or about March 30, 2010, each Plaintiff submitted a "Claimant's Statement" to Transamerica stating that the Insured's "Cause of Death" was "suicide." [Record No. 13-3, at 8, 19, 30]

On or about July 22, 2010, Transamerica informed Plaintiffs that because Mr. Tran died by suicide, and because after his death Transamerica learned for the first time that Mr. Tran misrepresented his smoking habits, the amount due under the Policy was limited to the amount of premiums paid. Transamerica issued checks to the Plaintiffs for the total amount of premiums paid under the Policy.

A grant of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met simply by showing the court that there is an absence of evidence regarding a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Celotex Corp.*, 477 U.S. at 325. The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

It is undisputed that Mr. Tran committed suicide on January 19, 2010, within two years of the policy's date of issue. The policy terms limit the beneficiaries' recovery to the amount of the premiums paid in the event that the insured dies by suicide within two years of the date of the policy. Plaintiffs have failed to present any evidence demonstrating that there is a genuine dispute regarding any of these facts. Transamerica has satisfied its obligation to the beneficiaries under the policy by tendering the amount of the premiums paid in accordance with the policy terms. Accordingly, Transamerica is entitled to judgment as a matter of law.

The Court need not reach Transamerica's alternative argument that the policy is void due to Mr. Tran's alleged misrepresentation on his application for insurance.

For the foregoing reasons, **IT IS ORDERED** that Transamerica's Motion for Summary Judgment [Record No. 17] is **GRANTED**.

This the 24th day of May, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge